FILED
2006 Feb-17  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **WILLIE SAM BIVINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **7:05-cv-01389-RDP-TMP** |
| | ) | |
| **SHERIFF TED SEXTON, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OF OPINION</u>

The magistrate judge filed a report and recommendation on December 12, 2005, recommending the following claims against all Defendants be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2):

1. Count IV of Plaintiff's complaint, to the extent it consists of Plaintiff's claims that Defendant Craig violated his Fourth, Eighth, and Twelfth Amendment rights by placing him in disciplinary segregation for approximately 30 days, without following proper disciplinary procedures;

2. Counts V and VI of Plaintiff's complaint, consisting of his claims that he was denied access to court, religious materials, and subjected to unconstitutional conditions of confinement while in disciplinary segregation in violation of his Fourth, Eighth, and Fourteenth Amendment constitutional rights;

3. Count VI of Plaintiff's complaint, to the extent it pertains to facts already presented in Plaintiff's pending state court action;

4. Counts IV and VI, consisting of Plaintiff's claims that he was denied Equal Protection of the law in disciplinary segregation and medical care;

5. Count VII of Plaintiff's complaint, consisting of his claim that failure to comply with jail grievance policy is of constitutional import; and

6. Plaintiff's supplemental complaint, consisting of his claim that he was not allowed to take a shower for four (4) days in the month of June.

The magistrate judge further recommended the following claims against the following Defendants be referred to the magistrate judge for further proceedings:

1.    Count I of Plaintiff's complaint, consisting of Plaintiff's Fourteenth Amendment excessive force claim against Defendant Agnew;

2.    Count II of Plaintiff's complaint, consisting of Plaintiff's Fourteenth Amendment excessive force claims against Defendants Haraway and Phillip;

3.    Count III of Plaintiff's complaint, consisting of Plaintiff's Fourteenth Amendment medical care claim against Dr. Bobo; and

4.    Count IV of Plaintiff's complaint, to the extent same encompasses a Fifth Amendment due process claim against Defendant Craig.

A copy of the report and recommendation was sent to Plaintiff at Tuscaloosa County Jail, the address provided by him.  However, on December 23, 2005, the envelope containing the report and recommendation was returned by the Postal Service as undeliverable.  Handwritten on the return envelope is the following phrase: "Forward to Alethia House B'ham, AL" along with the stamped notations, "Return to Sender" and "Attempted-Not Known."[1]

The following notice appears on the original complaint completed and filed by Plaintiff:

**NOTICE TO FILING PARTY**

It is your responsibility to notify the Clerk in writing of any address change.  Failure to notify the Clerk may result in dismissal of your case without further notice.

Plaintiff has failed to notify the Clerk of any change in his address.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and Plaintiff's failure to notify the court of his new address, the

---

[1]  A law clerk contacted Tuscaloosa County Jail and found that Plaintiff was released on December 6, 2005.

court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and

the recommendation is **ACCEPTED** with regard to those claims the magistrate judge recommended

be **DISMISSED WITH PREJUDICE**.   Specifically, the following claims against all Defendants

are due be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2):

1.   Count IV of Plaintiff's complaint, to the extent it consists of Plaintiff's claims that Defendant Craig violated his Fourth, Eighth, and Twelfth Amendment rights by placing him in disciplinary segregation for approximately 30 days, without following proper disciplinary procedures;

2.   Counts V and VI of Plaintiff's complaint, consisting of his claims that he was denied access to court, religious materials, and subjected to unconstitutional conditions of confinement while in disciplinary segregation in violation of his Fourth, Eighth and Fourteenth Amendment constitutional rights;

3.   Count VI of Plaintiff's complaint, to the extent it pertains to facts already presented in Plaintiff's pending state court action;

4.   Counts IV and VI, consisting of Plaintiff's claims he was denied Equal Protection of the law in disciplinary segregation and medical care;

5.   Count VII of Plaintiff's complaint, consisting of his claim that failure to comply with jail grievance policy is of constitutional import; and

6.   Plaintiff's supplemental complaint, consisting of his claim that he was not allowed  to take a shower for four (4) days in the month of June.

With respect to the remaining claims in the complaint, consisting of the following:

1.   Count I of Plaintiff's complaint, consisting of Plaintiff's Fourteenth Amendment excessive force claim against Defendant Agnew;

2.   Count II of Plaintiff's complaint, consisting of Plaintiff's Fourteenth Amendment excessive force claims against Defendants Haraway and Phillip;

3.   Count III of Plaintiff's complaint, consisting of Plaintiff's Fourteenth Amendment medical care claim against Dr. Bobo; and

4.   Count IV of Plaintiff's complaint, to the extent same encompasses a Fifth Amendment due process claim against Defendant Craig.

Plaintiff's failure to notify the court of his current address has resulted in his failure to prosecute them.  Accordingly, said remaining claims are due to be **DISMISSED WITHOUT PREJUDICE** for want of prosecution by the Plaintiff.

An appropriate order will be entered.

**DONE** and **ORDERED** this _____16th_____ day of February, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

4